# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 00-40468
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUKE BATISTE; REGINALD MITCHELL,

Defendants-
Appellants.

---------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-143-1
---------------------------------------------------------
October 12, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Codefendants Luke Batiste and Reginald Mitchell appeal their convictions for conspiracy with the intent to possess and distribute cocaine, a violation of 21 U.S.C. § 846, and knowingly carrying a firearm during a drug-trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A).

Batiste argues that (1) the trial court erred in not finding that he was entrapped as a matter of law and (2) that the evidence was insufficient to support his conviction on the firearm charge. Batiste did not raise his entrapment argument in his motion for judgment of acquittal in the district court. He moreover challenged the sufficiency of the evidence only in terms of whether a conspiracy existed and did not raise that issue in regard to the firearm charge. We therefore review both of these arguments for plain error only and must determine "whether there was a manifest miscarriage of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

justice[,]" which "exist[s] only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." See United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (internal quotations and citations omitted); see also United States v. Rodriguez, 43 F.3d 117, 126 (5th Cir. 1995).

Batiste also argues that the evidence was insufficient to show that he was predisposed to commit the offense at issue and, therefore, the Government failed in its burden. We hold, however, that the record is not devoid of evidence that Batiste was predisposed to commit the offense, because Agent Morrison's testimony was sufficient to show that Batiste had a desire for profit, was eager to participate in the transaction, and readily responded to the Government's inducement offer. See United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997).

We further hold that the record is not devoid of evidence to convict Batiste under 18 U.S.C. § 924(c). Batiste demonstrated a recognition that carrying a firearm in this context was foreseeable when he volunteered information that he was unarmed at his first meeting with Morrison. We therefore hold that it was not unreasonable for the jury to conclude that it was foreseeable to Batiste that Mitchell would carry a firearm to the meeting with Morrison. See United States v. Guerra-Marez, 928 F.2d 665, 674 (5th Cir. 1991) (the jury is free to choose among reasonable constructions of the evidence).

Both appellants argue that there existed a material variance between the indictment and the evidence adduced at trial relating to the location of the crime which prejudiced their substantial rights. We conclude that although there was a variance, it was immaterial because it did not constitute a modification of an essential element of the offense charged. See United States v. Puig-Infante, 19 F.3d 929, 935 (5th Cir. 1994).

Mitchell additionally argues that the evidence was insufficient to support his conspiracy conviction. "The standard of review for a sufficiency of evidence claim is whether, after viewing the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict, any rational trier of fact could have found essential elements of the crime beyond a reasonable doubt." United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000). The jury was free to find that

the following facts supported a determination that Mitchell participated in a conspiracy: (1) Morrison told Batiste that he could bring someone to their meeting to authenticate the cocaine; (2) Mitchell accompanied Batiste to meet Morrison; (3) Morrison testified that Mitchell asked him "You got the dope?"; (4) Mitchell brought a firearm to the meeting with Morrison; and (5) Mitchell was carrying $4,700 in cash in his sock. The jury was furthermore free to disregard Mitchell's self-serving testimony that he knew nothing about the drug deal as unreasonable and not credible.

The appellants' convictions are therefore AFFIRMED.